# Flaherty Exhibit G

Letter from FCA to the
District and Dr. Minus-Vincent

October 29, 2025

*Via Email*

Rosetta D. Treece, Ed.D.
Superintendent of Schools
Hopewell Valley Regional School District
425 S Main St.
Pennington, New Jersey 08534
rosettatreece@hvrsd.org

Daryl Minus-Vincent, Ed.D.
Interim Executive County Superintendent
New Jersey Department of Education
1075 Old Trenton Road
Trenton, New Jersey 08690
mercer@doe.nj.gov

Paul H. Green
Schenck Price Smith & King LLP
220 Park Avenue
Florham Park, New Jersey 07932
phg@spsk.com

**Re: Fellowship of Christian Athletes at Hopewell Valley Regional School District**

All,

I serve as the New Jersey state director of the Fellowship of Christian Athletes, a religious nonprofit organization that welcomes any and all students to local gatherings on thousands of campuses nationwide. Currently, students at Timberlane Middle School ("TMS") and Hopewell Valley Central High School ("HVCHS") lead local FCA clubs, or "Huddles," that are affiliated with the national organization of FCA. Until this spring, local FCA staff members and volunteers were able to attend on-campus gatherings for both the TMS and HVCHS Huddles. But in April 2025, the Hopewell Valley Regional School District ("Hopewell") restricted FCA staff and volunteers' ability to attend Huddles within Hopewell, and eventually stopped permitting them on campus altogether, simply because FCA is a religious club. You have affirmed many times over – including via email, in the October 28, 2025 meeting with Dr. Treece, myself, and a few others, and at a school board meeting on October 13, 2025 – that the sole reason FCA cannot have outside visitors, while other noncurricular clubs can host outside visitors, is because FCA is religious.

That's discrimination, and federal law, state law, and Hopewell's own policies don't allow it.

I write to ask that Hopewell stop discriminating and provide students that choose to be a part of FCA with the same rights and benefits that all other clubs have access to – including the ability to host outside volunteers at on-campus gatherings.

**Background**

A bit of background might be helpful. FCA was founded as a nonprofit organization in 1954, and, among other things, supports student groups on university, college, high school, and middle school campuses, all throughout the United States. All students, regardless of faith, race, age, ideological beliefs, or any other characteristic or belief, are welcome to attend FCA events. FCA Huddles, including the Huddles within Hopewell, are committed to treating every student with respect and dignity and to providing a safe space where students can be encouraged and build character. FCA is a place where students peacefully express their religious views, while warmly welcoming and supporting any student who chooses to attend or join an FCA student-led group.

The HVCHS Huddle has been meeting since 2010, and the TMS Huddle started meeting in 2024. Both Huddles meet during the lunch period, and are student-initiated and student-led. Carolyn McDonough, a TMS and HVCHS alumnus, has attended some of the TMS Huddle meetings since 2024 and some of the HVCHS Huddles since 2019, and another FCA-approved volunteer named Ken Ridge has attended some TMS Huddles since 2024 and some HVCHS Huddles since 2020. FCA staff and volunteers often attend Huddle meetings to help support and mentor the students, answer questions, and assist in leadership development. We find that students enjoy having an FCA staff person or volunteer present at their Huddle, despite that the students are the ones leading devotionals, prayers, and other aspects of religious exercise. We understand that three students recently met with Principal Riley to explain this very concept and ask Hopewell to reverse its decision to deny Ms. McDonough and Mr. Ridge the ability to come on-campus, and that a student expressed this same desire at a school board meeting on October 13, 2025.

**Issue**

I understand that Hopewell received a letter from the Freedom from Religion Foundation ("FFRF") in March 2025, alleging that outside adults were leading the TMS Huddle and receiving "special access to students." See Exhibit A. That is and has always been false; the TMS Huddle is student-led and student-initiated, and while true that outside adults had attended some Huddle meetings, no law prohibits such attendance as long as it is not "regular." And you have affirmed that outside adults are welcomed at other school clubs within Hopewell, like the Robotics club at HCVHS. Thus, FCA staff and volunteers have never received "special access" to the school; rather, the status quo was that the FCA Huddle had the same ability to host outside volunteers as all other school clubs.

After Hopewell received FFRF's letter, Ms. McDonough and Mr. Ridge were told that, to continue attending any Huddles on-campus, they needed to be certified as substitute teachers and approved by the School Board. They willingly did so and were approved by the Board shortly thereafter.

In March 2025, outside law firm Schenck Price responded to the FFRF letter and stated that Dr. Treece had conducted an "investigation" in FFRF's allegations. See Exhibit B. Dr. Treece confirmed in an October 13, 2025, school board meeting that she reached out to the school's attorney (presumably Schenck Price) upon receiving FFRF's letter. See http://bit.ly/47tan7j, around 1:57-58.

There was no investigation, to FCA's knowledge. Dr. Treece never attended an FCA meeting to corroborate FFRF's allegations that outside persons were "leading" the club. Nor did she or anyone from Schenck Price speak with any student leaders of the TMS Huddle, nor did anyone speak with any FCA staff or volunteers that had attended some TMS Huddle meetings. It is unclear what this "investigation" entailed, but I can say that local FCA staff would have welcomed a direct conversation at that time.

Regardless, Schenck Price told FFRF that Dr. Treece "direct[ed] the Timberlane Middle School Principal to immediately stop the direct involvement of any outside adults in the meetings of [FCA]" and would

"ensure that the group's activities comply with the requirements of the Equal Access Act, the First Amendment and relevant provisions of New Jersey law." FFRF put this in a May 2025 press release, see Exhibit C. Again, FCA never had the chance to correct this misunderstanding of both law and fact.

Dr. Treece's directive was followed. Ms. McDonough reached out at the beginning of this school year to obtain her substitute teacher certification and school board approval, but in August of 2025, Christopher Turnbull, the principal at TMS, told Ms. McDonough that, on orders "from our district counsel," "[r]egarding the religious clubs, the law stipulates that the students must run them; **no outside individuals are permitted**, and one of our staff members must supervise the club. The staff member is just there to ensure students are following our code of conduct and can not run the club. This is from our counsel" (emphasis in original). See Exhibit D. Patricia Riley, HVCHS Principal, reaffirmed this response in September 2025, after Ms. McDonough reached out again and asked for the written policy that imposed these requirements on FCA. See Exhibit E.

Ms. McDonough again asked Principal Riley for a written policy reflecting this position on September 16, copying one of the Huddle's faculty advisors. That day, the faculty advisor responded and pointed out that "From what I can see, [the prohibition on outside individuals] singles out religious groups only." See Exhibit E. Principal Riley was copied on this email and affirmed that the new requirement for FCA was in place because of the FFRF letter, and on direction of the "district's attorney."

Ms. McDonough reached out twice more seeking clarification or a written policy explaining that all clubs may have outside visitors except religious clubs. She did not (and still has not) received any written policy, but was able to speak with Principal Riley on October 7, 2025. Principal Riley disclosed that three students in the HVCHS Huddle met with her to express their desire for Ms. McDonough and Mr. Ridge to once again be allowed at Huddle gatherings. Principal Riley then confirmed that outside volunteers are not welcome to FCA huddles because FCA is religious, but outside visitors are permitted at Robotics club meetings, because the Robotics club is *not* religious.

On October 13, 2025, the Hopewell school board held a meeting. See meeting recording at http://bit.ly/47tan7j. An FCA student and his mother spoke at that meeting, and expressed their desire for the FCA students to host outside volunteers like every other club. Dr. Treece responded to that student and his mother, explaining that she was "served" with a "possible pending lawsuit" by FFRF (there is no pending lawsuit, nor did FFRF threaten to bring one, see Exhibit A), and stated her position that "it is against the law for any school to have a club that is religious in base that have people coming from the outside that mentor within the club." She also stated that this issue had been "played out in the courts." See around minute 1:57-58.

Two weeks later, on October 28, 2025, Dr. Treece and Principal Riley met with Ms. McDonough, Mr. Ridge, and me (Harry Flaherty), in response to Ms. McDonough's September 2025 request for an in-person meeting. During the meeting, the FCA representatives explained many of the facts and legal issues discussed below, and attempted to explain why Hopewell's new, unwritten prohibition on outside visitors for religious clubs violated several laws and policies. Dr. Treece simply reaffirmed that non-school persons are not allowed to come to the school for a religious club, like FCA; that non-religious noncurricular clubs were permitted to have outside visitors, and that religious clubs were treated differently than other clubs because they are religious. Dr. Treece stated that she had been directed to take this position by the Executive County Superintendent, Daryl Minus-Vincent, and Hopewell's attorneys at Schenck Price. Dr. Treece also sent a follow-up email to Ms. McDonough stating "[a]s we discussed in our meeting today, both the Board Attorney and the Executive Superintendent confirmed that we were out of compliance by allowing outside advisors/volunteers to come into our schools for a religious club." See Exhibit F.

Both Huddles at TMS and HVCHS currently gather each week without outside volunteers. It should go without saying that students lead these Huddles.

**Analysis**

The prohibition on outside visitors for religious clubs only is a violation of the Equal Access Act, the Constitution, New Jersey law, and Hopewell's own policies. Please reconsider.

First, the entire basis for this new and discriminatory rule is the false allegations in FFRF's spring 2025 letter. The letter falsely claims that FCA staff and volunteers had "led" the FCA Huddle and enjoyed "special access" to students. This is not true. Both the TMS and HVCHS Huddles are student-initiated and student-led; it shouldn't surprise you to learn that Hopewell's middle and high school students are quite capable of leading themselves. FCA staff and volunteers may provide mentorship and answer questions about the Bible or other relevant topics, but the devotionals, prayers, and meetings are led by students. Hopewell's response to FFRF indicated that it had conducted an "investigation" into the letter's claims, but for reasons I note above, we suspect this "investigation" was incomplete at best – no one from the school administration nor the investigating law firm attended an FCA Huddle, and no one spoke with the FCA Huddle student leaders or FCA staff – and, if done properly, would have shown that the TMS Huddle (and the HVCHS Huddle) is student-led. As I already mentioned, the TMS Huddle is *still meeting*, without any outside volunteers, on Wednesdays during the lunch period.

Second, imposing restrictions on religious clubs that do not apply to secular clubs violates the Equal Access Act, the Constitution, state law, and Board Policies.

***The Equal Access Act and Board Policy 5842***. Under the EAA, if a public secondary school allows even one noncurriculum related student club to meet on campus during noninstructional time, it has created a "limited open forum" and is prohibited from denying other student clubs equal access to that forum based on the "religious, political, philosophical, or other content" of the other clubs' speech. 20 U.S.C. § 4071(a)-(b). Similarly, under Board Policy 5842, no club in the Hopewell Valley Regional School District may be "denied an opportunity to meet and use school facilities on the basis of any of the protected categories listed at N.J.A.C. 6A:7-1.1(a)." See Exhibit G. One of these protected categories is, of course, religion. Board Policy 5842 largely tracks the EAA, requiring that student organizations are student-initiated, voluntary, have a lawful meeting purpose, do not "materially and substantially interfere with the orderly conduct of instructional activities in the school," that "non-school persons do not direct, conduct, control, or regularly attend the activity," and that the school provides adequate supervision.

Here, Hopewell has clearly created a limited open forum contemplated by the EAA and Board Policy 5842, because it currently recognizes a wide variety of noncurriculum related clubs, including, for example, FBLA, eSports Club, Art Club, Dungeons and Dragons Club, Youth Environmental Society, and others. And FCA meets all the requirements listed in the EAA and Board Policy 5842. The only requirement that FFRF called into question is that "[n]on-school persons do not direct, conduct, control, or regularly attend the activity," and here, neither Ms. McDonough nor Mr. Ridge, nor any other FCA staff member or volunteer, run afoul of this requirement. In the past, Ms. McDonough has attended some, but not all, Huddles, to stay in compliance with this rule. And she is not directing, conducting, or controlling the meetings when she is present, as explained above. I am not aware of, nor did Dr. Treece identify during our October 28 meeting, any evidence to the contrary. Thus, both the EAA and Board Policy 5842 apply here.

Under the EAA and Board Policy 5842, Hopewell cannot single out FCA for disfavored treatment simply because FCA is religious. Here, it has done exactly that: prohibited FCA from a benefit (outside volunteers) that all other clubs may access, simply because FCA is religious.

And this violation is not in name only; other clubs within Hopewell do in fact have outside volunteers come in and attend on-campus meetings. Principal Riley affirmed that the Robotics club, for example, has outside adults serve as "mentors" that help at the club once vetted by Hopewell, see also https://293spike.com/mentors/ (soliciting volunteers and describing approval process). I understand that other clubs may likewise permit outside volunteers during on-campus meetings and events. Again, this unequal and disfavored treatment of religious clubs as compared to secular ones is *exactly* what the federal government and the Hopewell School Board sought to prevent.

***New Jersey Anti-Discrimination Law***. This disfavored treatment violates state law prohibiting religious discrimination, *see, e.g*., New Jersey Stat. 18A:36-20 ("No pupil in a public school in this State shall be discriminated against in … obtaining any advantages, privileges or courses of study of the school by reason of race, color, creed, sex or national origin"); N.J. Admin. Code § 6A:7-1.7 (school must provide "equitable and bias-free access to all school facilities, courses, programs, activities, and services, regardless of the protected categories listed at N.J.A.C. 6A:7-1.1(a)."); N.J.A.C. 6A:7-1.1(a) (stating that "religion" is a protected category); N.J.A.C. § 6A:7-1.4 (requiring each district board of education to adopt a written "equity policy" that "[r]ecognize[s] and value[s] the diversity of persons and groups within the community and . . . [p]romote[s] equitable educational opportunity and foster through the policies, programs, and practices of the district board of education a learning environment that is free from all forms of prejudice, discrimination, and harassment based upon the protected categories listed at N.J.A.C. 6A:7-1.1(a).").

Hopewell is certainly not providing FCA students at Hopewell with the same "advantages" and "privileges" that other students enjoy, when other students decide to join non-religious noncurricular clubs, *see* N.J.S.A. 18A:36-20. And because of Hopewell's unwritten policy that singles out religious clubs for disfavored treatment, the district has not created a learning environment "free from all forms of prejudice [and] discrimination." N.J. Admin. Code § 6A:7-1.4.

***Hopewell Valley Regional School District Policies***. Hopewell's conduct here violates its own policies. In addition to Board Policy 5842, discussed above, Hopewell violates Board Policy 2260, which guarantees "equitable and bias-free access to all school facilities, programs, activities, and services, regardless of [religion]," see Exhibit H, and also Hopewell's promise that it will not "discriminate on the basis of … religion," see <u>Hopewell Valley Student Handbook 2025-26</u> ("Handbook"), p. 49.

Finally, FCA is not aware of case law of the kind Dr. Treece mentioned during the school board meeting of October 13, 2025. Rather, many cases state that schools *cannot* treat religious clubs differently than other noncurricular clubs. *See, e.g*., *Fellowship of Christian Athletes v. San Jose Unified School District Board of Education*, 82 F.4th 664 (9th Cir. 2023) (en banc) (granting FCA's request for preliminary injunction and reinstatement on First Amendment grounds after school had stopped FCA from choosing leaders that agreed with its religious beliefs, despite permitting non-religious groups to choose leaders based on characteristics or beliefs); *Fellowship of Christian Athletes v. District of Columbia*, 43 F. Supp. 3d 73 (D.D.C. 2024) (same on grounds of Free Exercise and the Religious Freedom Restoration Act); *Board of Educ. v. Mergens*, 496 U.S. 226 (1990) (school violated Equal Access Act by denying official recognition to club because it was religious).

***

It is unfortunate that the (false) claims in FFRF's letter have led to unfair treatment that is more grievous than any violation that was alleged. Ultimately, excluding outside visitors for religious clubs, while permitting them at secular ones, is not only unfair and harmful to the students who want the support and mentorship that FCA staff members and volunteers provide, it also violates Hopewell's policies and state and federal law. It is our hope that Hopewell will simply treat FCA the same as other clubs, particularly given Hopewell's commitment to provide an environment which encourages students to "[d]evelop an

appreciation for the rights of others including a respect for the rights of persons who belong to various cultural, social, religious, and ethnic groups." See Handbook, p. 17.

Further, I believe you will find that, as students participate in a student-led FCA huddle, they will continue to sharpen each other and build character. We are in a time where students, and especially student-athletes, need support, encouragement, and fellowship. This is why the student leaders of the Huddles at Hopewell are so passionate about the ability of students to be able to meet and share their interests on the same terms as other students, and with outside volunteers as is helpful.

We'd appreciate a written response and are also willing to have another conversation with Dr. Treece, Dr. Minus-Vincent, Mr. Green, and anyone else that should attend, if helpful. Thank you for your prompt attention to this matter.

Sincerely,

Harry Flaherty
New Jersey State Director
Fellowship of Christian Athletes
hflaherty@fca.org

cc: Patricia Riley, Principal, Hopewell Valley Central High School, patriciariley@hvrsd.org
Christopher M. Turnbull, Principal, Timberlane Middle School, christopherturnbull@hvrsd.org
Doug Barkema, FCA Executive Vice President and Legal Counsel, dbarkema@fca.org
Carolyn McDonough, FCA Area Director, Hopewell Valley, cmcdonough@fca.org