# Osborne Exhibit H

Letter from counsel for Plaintiffs to the District and Dr. Minus-Vincent

1919 Pennsylvania Ave. NW, Suite 400
Washington, D.C. 20006

December 19, 2025

*Via EMAIL*

Rosetta D. Treece, Ed.D.
Superintendent of Schools
Hopewell Valley Regional School District
425 S. Main St.
Pennington, N.J. 08534
rosettatreece@hvrsd.org

Daryl Minus-Vincent, Ed.D.
Interim Executive County Superintendent
New Jersey Department of Education
1075 Old Trenton Road
Trenton, N.J. 08690
mercer@doe.nj.gov

Paul H. Green
Schenck Price Smith & King LLP
220 Park Ave.
Florham Park, N.J. 07932
pgh@spsk.com

**Re: Ongoing religious discrimination against the Fellowship of Christian Athletes**

Dr. Treece, Dr. Minus-Vincent, and Mr. Green,

My law firm represents the Fellowship of Christian Athletes ("FCA"), a religious nonprofit with affiliated, student-led organizations at schools nationwide. Hopewell Valley Regional School District is currently engaged in flagrantly unconstitutional and illegal conduct against FCA clubs at two of its schools. Hopewell's decisionmakers have repeatedly determined that FCA clubs are not allowed to host FCA staff and volunteers at its meetings, while other clubs can host adult guests. The sole reason Hopewell has given for this discriminatory treatment is that FCA is a religious club.

In an effort to address this issue, FCA wrote to you on October 29, 2025, setting forth in detail the background of this dispute and the legal reasons why Hopewell's actions are impermissible. But you refused to end Hopewell's unlawful discrimination. Dr. Treece had repeatedly stated that Hopewell's position was attributable at least in

1919 Pennsylvania Ave. NW, Suite 400
Washington, D.C. 20006

part to the directives of Dr. Minus-Vincent. Dr. Minus-Vincent responded that the "issues … should be addressed by the" school district in the first instance, and that he and his office "do not resolve disputes" like this one. But according to Dr. Treece, it would seem that the policy underlying this "dispute" *started* with his office. Dr. Treece then responded in a final email refusing to fix the problem, stating that she was "complying to the expectations"—presumably including Dr. Minus-Vincent's—"for religious clubs," and that "[t]he district has given our position."

That position is illegal. And Hopewell's decisionmakers' refusal to take responsibility for fixing it—after having twice been expressly informed of its blatant illegality—would likely give rise to individual liability. To address just a few of the violated laws, Hopewell's discrimination against FCA violates the First Amendment to the U.S. Constitution twice over, as well as the Equal Access Act, 20 U.S.C. § 4071. Hopewell should end its discrimination now.

*First,* the Free Exercise Clause forbids "[o]fficial action that targets religious conduct for distinctive treatment," whether hostility to that religious conduct is "masked" or "overt." *Church of the Lukumi v. City of Hialeah*, 508 U.S. 520, 534 (1993). Here, Hopewell singled out FCA and banned it from hosting adult guests solely because it is a religious club. And the government cannot "treat *any* comparable secular activity more favorably than religious exercise." *Tandon v. Newsom*, 593 U.S. 61, 62 (2021) (per curiam). But in Hopewell schools, secular clubs are allowed to engage in the exact same conduct—having an adult guest—that FCA is prohibited from engaging in, solely because FCA is religious.

*Second*, the First Amendment protects a "right to associate with others in pursuit of a wide variety of … religious ends." *Roberts v. United States Jaycees*, 468 U.S. 609, 622 (1984). And the government cannot discriminate against a group by "impos[ing] penalties or withhold[ing] benefits from individuals because" they associate for religious reasons. *Christian Legal Society v. Walker*, 453 F.3d 853, 861 (7th Cir. 2006). But Hopewell did just that, singling out FCA as a religious group and making its students alone unable to host adult guests.

*Third*, the Equal Access Act states that "[i]t shall be unlawful for any public secondary school which receives Federal financial assistance and which has a limited open forum"—a category that includes Hopewell Valley Central High School, one of the schools at issue here—"to … discriminate against[] any students who wish to conduct a meeting within that limited open forum on the basis of the religious … content of the speech at such meetings." 20 U.S.C. § 4071(a). That means religious clubs must have the same privileges, on the same terms, as secular clubs. *Bd. of Educ. v. Mergens*, 496 U.S. 226, 247 (1990). Hopewell is thus in violation of the EAA because it is discriminating against FCA by forbidding it from hosting adult guests.

1919 Pennsylvania Ave. NW, Suite 400
Washington, D.C. 20006

My law firm, the Becket Fund for Religious Liberty, has repeatedly brought, and repeatedly won, cases with similar facts, including cases on behalf of FCA student organizations like those at issue here. My firm expects a similar result here if this dispute is required to proceed to litigation, which FCA hopes to avoid.

In *Fellowship of Christian Athletes v. San Jose Unified School District*, 82 F.4th 664 (9th Cir. 2023) (en banc), we represented an FCA club that was treated less favorably than secular groups because of its religious beliefs. As the en banc Ninth Circuit explained, it is "bedrock" First Amendment law that "the government may not 'treat … comparable secular activity more favorably than religious exercise.'" *Id.* at 686 (quoting *Tandon*, 593 U.S. at 62). The court found that the defendant school district's discrimination violated the Free Exercise Clause, the Free Speech Clause, and the Equal Access Act. The District was required to end its discrimination and pay almost $6 million in damages and attorneys fees.

In *Fellowship of Christian Athletes v. District of Columbia*, 743 F. Supp. 3d 73 (D.D.C. 2024), we represented an FCA club that faced similar religious discrimination. The Court found "no meaningful constitutionally acceptable distinction" between religious and secular clubs that could justify "treatment" of FCA "at odds with that received by secular groups." *Id.* at 93, 96. The Court ruled against the District. *Id.* at 95.

In *InterVarsity Christian Fellowship v. Board of Governors of Wayne State University*, 534 F. Supp. 3d 785 (E.D. Mich. 2021), *InterVarsity Christian Fellowship v. University of Iowa*, 5 F.4th 855 (8th Cir. 2021), and *Business Leaders in Christ v. University of Iowa*, 991 F.3d 969 (8th Cir. 2021), religious student groups similar to FCA lost their equal access to campus under rules that no other clubs had to follow. *Wayne State*, 534 F. Supp. 3d at 798-800; *Iowa*, 5 F.4th at 860-62; *BLinC*, 991 F.3d at 974-76, 978. Each time, the courts ruled in the religious groups' favor. And in all three cases, the courts held that qualified immunity was not available to the defendants because their discrimination had violated the student groups' clearly established rights. *Wayne State*, 534 F. Supp. 3d at 834; *InterVarsity-Iowa*, 5 F.4th at 867; *BLinC*, 991 F.3d at 988.

That is what Hopewell has done here. Hopewell has, by its own admission, treated religious clubs like FCA worse than other clubs, solely because they are religious. That violates clearly established law. And so, like the school-employed defendants in *FCA-San Jose*, *Wayne State*, *InterVarsity-Iowa*, and *BLinC*, any defendants in a suit here would not be entitled to qualified immunity. *See*, *e.g.*, *Wayne State*, 534 F. Supp. 3d at 834; *InterVarsity-Iowa*, 5 F.4th at 867; *BLinC*, 991 F.3d at 984. They would be personally liable for any damages awarded to FCA.

1919 Pennsylvania Ave. NW, Suite 400
Washington, D.C. 20006

We also understand that Hopewell may have adopted its anti-religious policy in response to a letter from the Freedom From Religion Foundation (FFRF). As FCA previously explained, the factual premise of FFRF's letter was wrong. And FFRF's views of the First Amendment are routinely rejected by courts, including in cases brought against entities represented by my firm. *See, e.g.*, *Freedom From Religion Foundation, Inc. v. County of Lehigh*, 933 F.3d 275 (3d Cir. 2019); *Freedom From Religion Foundation v. Weber*, 628 F. App'x 952 (9th Cir. 2015); *Freedom From Religion Foundation v. Hanover Sch. Dist.*, 626 F.3d 1 (1st Cir. 2010).

For these reasons, we request that FCA's student organizations within the Hopewell Valley Regional School District immediately be allowed to resume having adult guests at their meetings, on equal terms as nonreligious clubs. And we request that you, in writing, immediately rescind Hopewell's policy forbidding religious clubs from having adult guests while nonreligious clubs are allowed to do so.

Thank you for your prompt attention to this matter.

Sincerely,

Richard C. Osborne
Counsel
The Becket Fund for Religious Liberty

cc: Daniel Blomberg, the Becket Fund for Religious Liberty; Joseph Davis, the Becket Fund for Religious Liberty, via email