Richard C. Osborne
1919 Pennsylvania Ave. N.W., Ste. 400
Washington, DC 20006
(202) 955-0095
*Counsel for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| FELLOWSHIP OF CHRISTIAN ATHLETES, et al.,<br>*Plaintiffs*,<br>v.<br><br>BOARD OF EDUCATION OF THE HOPEWELL VALLEY REGIONAL SCHOOL DISTRICT, et al.,<br>*Defendants*. | **Civil Action No. 3:26-cv-10163-RK-TJB**<br><br>**[PROPOSED] ORDER ON PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION** |

Pending before the Court is Plaintiffs' application for an order to show cause and motion for preliminary injunction. Having reviewed the papers filed in support of and in opposition to this motion, and considered the arguments related thereto, the Court hereby GRANTS Plaintiffs' motion for preliminary injunction.

Specifically, the Court FINDS and DECLARES that Plaintiffs Fellowship of Christian Athletes (FCA), Fellowship of Christian Athletes of Hopewell Valley Central High School, and Fellowship of Christian Athletes of Timberlane Middle School have demonstrated a likelihood of success on their claims that the Board of Education of the Hopewell Valley Regional School District, the named employee of

the District, and the named employees of the New Jersey Department of Education (together, the Defendants) violated the First Amendment and the Equal Access Act by denying FCA the ability to associate with outside volunteers at on-campus club meetings on the same terms as non-religious clubs. Further, Plaintiffs have demonstrated that the denial of equal access to outside volunteers causes irreparable harm and that the balance of equities and public interest both support the requested injunction because, among other reasons, Plaintiffs' constitutional and statutory rights have been and are being violated and Plaintiff student clubs are being denied the benefits available to other recognized student clubs at District schools based solely on Plaintiffs' religious status.

For these reasons, IT IS HEREBY ORDERED THAT, effective as of the date of this Order and while this litigation is ongoing:

1. Defendants may not enforce their prohibition on religious clubs' hosting outside volunteers at club meetings.
2. Defendants must permit Plaintiffs to host outside volunteers at their meetings to the same extent and on the same nondiscriminatory terms as other student groups while this litigation is ongoing.
3. This Court has exercised its discretion to determine that no bond shall be required.

Dated: ____________________

_________________________________________
Hon. Robert Kirsch, U.S.D.J.