**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| FELLOWSHIP OF CHRISTIAN ATHLETES, et al.,<br>*Plaintiffs*,<br>v.<br>BOARD OF EDUCATION OF THE HOPEWELL VALLEY REGIONAL SCHOOL DISTRICT, et al.,<br>*Defendants*. | **Civil Action No. 3:26-cv-10163-RK-TJB**<br><br>**JOINT STATUS REPORT** |

Pursuant to the Court's instruction during the Telephone Conference on September 16, 2026, *see* Dkt.33, Plaintiffs and the Hopewell Valley Defendants (the Parties) respectfully submit this joint status report regarding the status of the preliminary-injunction proceedings in this matter.

1. The Parties have conferred and believe that this Court can largely resolve the preliminary injunction motion on the papers that have been filed or, in Defendants' view, with minimal supplemental certifications.

2. The Parties provide the following statements:

**Plaintiffs' Statement:** After multiple conferrals with the Hopewell Valley Defendants about the facts of this case, Plaintiffs' position is that there appears to be one primary material factual dispute that may benefit from targeted discovery between now and October 31 and, if necessary, an evidentiary hearing. The dispute appears to be whether the District, as a matter of policy and practice, forbids all recognized extracurricular student groups from regularly hosting outside volunteers at their meetings. Plaintiffs believe that the evidence in the preliminary-injunction

papers regarding school policies and other recognized student groups (including sponsored and nonsponsored groups), such as the Robotics Club, amply demonstrates that the District does not evenly impose that rule. But the District declined to stipulate to this fact without explanation and thus seems to believe that this fact is in dispute.

Plaintiffs maintain that the District has not "properly disputed" this fact by providing the Court with competent counter-evidence. *See Williams v. Curtiss-Wright Corp.*, 681 F.2d 161, 163 (3d Cir. 1982); *ADP, LLC v. Lynch*, 678 F. App'x 77, 79-80 (3d Cir. 2017). To avoid wasting resources, Plaintiffs respectfully request that the Court order the Hopewell Valley Defendants to file a supplemental letter of no more than 3 pages that either identifies the *existing* record evidence that properly disputes this factual allegation or concedes it. Plaintiffs could then file a response of the same length.

If, following these supplemental letters, the Court is satisfied that the District has properly disputed this factual allegation, then Plaintiffs believe it would aid the Court to allow targeted discovery between now and October 31 and, if necessary, hold a targeted evidentiary hearing on that point.

Plaintiffs disagree with the District's request for special leave to *expand* the record to try and create a genuine dispute that they have failed to show in the record before this Court. The District claims to need "supplemental certification(s)" to explain their view of "the structure and format of the robotics club." But Plaintiffs emphasized the Robotics Club repeatedly before Defendants filed their preliminary-injunction opposition—in their Complaint, ECF 1 at 5, 18, 24, 39; in their

preliminary injunction motion, ECF 10-1 at 2, 6-7, 9, 19, 28; and indeed even in their efforts to resolve this dispute predating this litigation, ECF 10-9 at 2-3, 5. And Defendants obtained a two-week extension precisely to collect all the relevant evidence in their possession. ECF 17. Granting Defendants another bite at the apple would be inappropriate.

Finally, allowing additional "certifications" without the benefit of discovery would improperly prejudice Plaintiffs. The Parties' conferral process has revealed that claims in the District's current certifications—and in particular, the "visitors' logs"—appear to rest on confused or mistaken information, which Plaintiffs will address at an appropriate opportunity in the future. While Plaintiffs do not believe these logs create any material questions of fact (as Plaintiffs agree that Carolyn and Ken attended many FCA meetings in the District and in any event are currently seeking only *prospective* relief), it would be unfair to Plaintiffs to unnecessarily allow more untested assertions into the record given these concerns about reliability.

**Defendants' Position:** Though the parties made diligent, good-faith efforts to reach agreement on "common facts" upon which the instant preliminary injunction will be decided, the exercise of developing a joint stipulation of fact resulted in each party seeking to frame facts already on the record, via certifications, in the light most favorable to their underlying position on the motion. Ultimately, it does not appear that such a stipulation would be helpful to the Court.

Based on the parties' discussions, it is apparent to Defendants that Plaintiffs' focus remains on the Central High School robotics team as their key comparator for arguing that the District has not evenly applied its policy with respect to the regular

attendance of non-school persons at student-initiated clubs. As such, Defendants believe that the factual record with respect to the robotics team can be further developed in order for the Court to obtain a complete picture of the structure and format of the robotics team, its meeting and competition schedule, and its relationship to the CHS curriculum. Defendants believe that the additional information and exhibits can be provided to the Court by way of a supplemental certification(s), without the need for an evidentiary hearing, and respectfully request that the Court grant leave for Defendants to submit same, with a deadline of five business days from the date on which the Court rules on this request.

Defendants disagree with Plaintiffs' assertion that the supplemental certification(s) proposed would "expand" the record other than as requested by the Court's direction that a complete factual record should exist prior to any oral arguments in this matter. Defendants further disagree with Plaintiffs' attempt to challenge the credibility of the District's visitors logs in this document, and note that in doing so, they are seeking "another bite at the apple" after failing to address the logs in their reply brief.

Dated: September 25, 2026

Respectfully submitted,

/s/ Richard C. Osborne
Richard C. Osborne
Daniel H. Blomberg*
Joseph C. Davis*
Amanda G. Dixon*
THE BECKET FUND FOR
RELIGIOUS LIBERTY
1919 Pennsylvania Ave. N.W.,
Ste. 400
Washington, DC 20006
(202) 955-0095
rosborne@becketfund.org
*Counsel for Plaintiffs*

**Admitted pro hac vice*

/s/ Eric I. Bueide
Eric I. Bueide
Katherine A. Gilfillan
Schenck, Price, Smith
& King LLP
220 Park Ave., P.O. Box 991
Florham Park, NJ 07932
(973) 539-1000
*Attorneys for Defendants, Board of Education of the Hopewell Valley Regional School District and Superintendent Dr. Rosetta Treece, in her official capacity*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing has been filed electronically on September 25, 2026. Notice of this filing will be sent to counsel of record for the parties by operation of the Court's electronic filing system.

/s/ Richard C. Osborne
Richard C. Osborne