BECKET
*Religious Liberty for All*

1919 Pennsylvania Ave. NW, Suite 400
Washington, D.C. 20006
202-955-0095 / 𝕏 @*becketfund*
www.becketfund.org

October 28, 2026

Hon. Robert Kirsch
United States District Judge
United States District Court for the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

**Re: *Fellowship of Christian Athletes et al. v. Board of Education of the Hopewell Valley Regional School District et al.*, No. 26-10163-RK-TJB**

Dear Judge Kirsch:

In advance of the October 29 conference, and in response to the District's letter yesterday, Plaintiffs write to provide background on the inaccuracies in the District's evidence submitted in opposition to Plaintiffs' preliminary-injunction motion, as raised in the District's letter at ECF 49.

The "inaccuracies" the District references are errors in the visitors' logs attached as Exhibits B and C to the Certification of Principal Riley, which the District relied on heavily in its opposition to Plaintiffs' preliminary-injunction motion. *See* ECF 29 at 6 ("Visitors' logs ... reflect"), 25 ("visitor logs ... demonstrate"), 26 ("visitors' logs demonstrate), 28 ("visitors' logs ... disprove ..."). For instance, over 90 times, the exhibits purport to identify individuals signing in on weekends or school holidays. This includes several times that purport to identify FCA volunteers as signing in on days when the FCA club was not meeting, including on Sundays and once on a day when the individual signing in—Ms. McDonough—was in California. *See, e.g.*, Riley Cert. Ex. B at 24-25 (ECF 29-5); Riley Cert. Ex. C at 119 (ECF 29-6). Thus, it appears that Defendants included sign-in sheets from the wrong school years.

Further, to support their claim that other student clubs did not receive adult visitors, the District's papers treat the exhibits as true and accurate copies of the visitors' logs for the relevant school years, redacted only to "protect ... visitors' names" or "confidential information." Riley Cert. ¶ 8 (ECF 29-4). Turnbull Exhibit B alone is characterized as "excerpts," Turnbull Cert. ¶¶ 4, 9 (ECF 29-2), suggesting by contrast that the other three are complete. And the District cites these logs as "demonstrat[ing]" that "no other club has ever ... had" the same "access that FCA's non-school persons received," ECF 29 at 25, which would make sense only if they were meant to be comprehensive. Yet these exhibits omit sign-in sheets for at least 100 academic days from the relevant school years.

Plaintiffs' reply brief focused on explaining that even assuming these logs were correct, they do nothing to undermine Plaintiffs' entitlement to preliminary relief. The District has acknowledged that certain "school-sponsored clubs" are not subject to the restraint on volunteer access applied to FCA here. ECF 29 at 3-4. And even if these clubs had never taken advantage of this permission, the permission itself would require strict scrutiny. *See* ECF 31 at 4, 8-9. But in fact other clubs *have* taken advantage of this permission; the Robotics Club, for example, has "around 10 active external mentors" who "regularly attend" its twice-weekly meetings (after school, and thus not reflected on the submitted logs). N.I. Decl. ¶¶ 3, 5 (ECF 31-1). All this ultimately makes the visitors' logs beside the point.

1919 Pennsylvania Ave. NW, Suite 400
Washington, D.C. 20006

After the reply brief was filed, however, this Court asked the Parties to confer specifically on the facts and determine whether they could stipulate to them. ECF 33. At that point, Plaintiffs became aware there may be issues with the logs and identified some of the errors cited above in an email to the District's counsel on September 24. Plaintiffs also raised the issue in the joint status report that resulted from the parties' conferral. ECF 44 at 3. The District did not dispute the errors.

On October 21, this Court set a telephone conference for October 29. That same day, having received no indication that Defendants were correcting the inaccuracies, Plaintiffs emailed the District's counsel to re-raise the issue. Plaintiffs explained the errors in detail in an October 23 phone call and asked the District to let Plaintiffs know if it planned to remove the erroneous material before the October 29 conference, and noted that Plaintiffs would seek removal if not. The District instead—without seeking Plaintiffs' position—requested an additional conference with the Court, which this Court deferred until the already-set October 29 conference.

At the October 29 conference, Plaintiffs will be prepared to discuss the most efficient way of removing the District's unreliable evidence from the record without prejudicing Plaintiffs or slowing the Court's deliberations on the preliminary-injunction motion. Plaintiffs likewise intend to reiterate that while it is important for the record to be cleared of erroneous evidence, the visitors' logs—erroneous or otherwise—do not affect the outcome here: Plaintiffs are entitled to preliminary relief.

Respectfully submitted,

/s/ Richard C. Osborne
Richard C. Osborne
Daniel H. Blomberg*
Joseph C. Davis*
Amanda G. Dixon*
THE BECKET FUND FOR
RELIGIOUS LIBERTY
1919 Pennsylvania Ave. N.W., Ste. 400
Washington, DC 20006
(202) 955-0095
rosborne@becketfund.org

**admitted pro hac vice*

*Counsel for Plaintiffs*

cc: All counsel of record